# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KEVITA, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YOLANDA PITRE, on behalf of herself and all others similarly situated

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| **Electronically FILED** by Superior Court of California, County of San Mateo ON **8/5/2024** By \_\_\_ **/s/ Haley Correa** **Deputy Clerk** |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of CA, County of San Mateo 400 County Center, Redwood City, CA 94063 | **CASE NUMBER:** *(Número del Caso):* 24-CIV-04791 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Kuzyk Law, LLP, 2121 Avenue of the Stars, Ste. 800, Los Angeles, CA 90067, 213-401-4100

| DATE: *(Fecha)* 8/5/2024 | Neal I. Taniguchi | Clerk, by *(Secretario)* _____ /s/ Haley Correa _____ | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☑ on behalf of *(specify):* Kevita, Inc. |
| | under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [ Print this form ]   [ Save this form ]   [ Clear this form ]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
*mdb@kuzykclassactions.com*
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone:    (213) 401-4100
Facsimile:    (213) 401-0311

**DENLEA & CARTON LLP**
James R. Denlea *(pro hac vice pending)*
*jdenlea@denleacarton.com*
Jeffrey I. Carton *(pro hac vice pending)*
*jcarton@denleacarton.com*
Catherine H. Friesen *(pro hac vice pending)*
*cfriesen@denleacarton.com*
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel.: (914) 331-0100
Fax: (914) 331-0105

*Counsel for Plaintiff and the Proposed Class*

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON    8/1/2024
By      **/s/ Una Finau**
        **Deputy Clerk**

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| YOLANDA PITRE, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>KEVITA INC.<br><br>Defendant. | Case No. 24-CIV-04791<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Violations of California's Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*);<br>(2) Violations of California's False Advertising Law (Civ. Code §§ 17500 *et seq.*);<br>(3) Violations of California's Consumer Legal Remedies Act (Civ. Code §§ 1750 *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

Case No.

## INTRODUCTION

1. Plaintiff Yolanda Pitre ("Plaintiff") brings this action for herself and on behalf of all others in California who purchased one or more containers of *Sparkling Lemonade with Prebiotics* ("the Product") created, manufactured, marketed and/or sold by KeVita Inc. ("Defendant").

2. This action seeks to redress Defendant's false and misleading marketing campaign which deceptively claims that its lemonade Product promotes gut health when, in fact, it is essentially a sweetened sparkling water wrapped in an undeserved health halo.

3. Nearly 40% of all adults now seek out "functional beverages" with ingredients that claim to further wellness.[1] The addition of so-called "prebiotic" ingredients is the latest marketing trend in the highly competitive carbonated beverage market.[2] Recently, "a growing interest in gut health has led to a plethora of processed foods with added fiber, including … carbonated prebiotic drinks."[3] Because plant-based fiber provides nourishment for beneficial gut microbes and most Americans do not consume enough fiber from food sources, fiber-infused beverages promise a tasty, convenient (but expensive) boost to the microbiome.[4]

4. To profit from consumers' well placed focus on improving gut health, the front of the can of Defendant's *Sparkling Lemonade with Prebiotics* product line (which comes in Classic,

---

[1] Rachel Metzer Warren. *Are Prebiotic Sodas and Other Wellness Drinks Really Good for You?* The Washington Post (May 27, 2024), https://www.washingtonpost.com/wellness/2024/05/27/probiotic-green-beverages-health-promises/ (last viewed July 25, 2024).

[2] Dani Blum, *Are Prebiotics Important for Gut Health?.* New York Times (October 28, 2022), https://www.nytimes.com/2022/10/28/well/eat/prebiotic-supplements-gut-health.html (noting that from 2022 to 2030, the prebiotic market was expected to grow about 15% a year).

[3] Maria Godoy, Prebiotic Sodas Promise to Boost Your Gut Health. Here's What to Eat Instead. NPR. August 8, 2023. https://www.npr.org/sections/health-shots/2023/08/08/1192329196/gut-health-fiber-probiotic-olipop-poppi (last viewed July 15, 2024).

[4] Sales of such beverages soared after a "marketing blitz" on TikTok. See Teddy Amenabar and Anahad O'Connor. *Prebiotic Sodas Claim to Boost your Health. Experts Are Skeptical.* Washington Post (April 4, 2023), https://www.washingtonpost.com/wellness/2023/04/03/prebiotic-soda-olipop-poppi, (last viewed on July 15, 2024).

Case No.

Mango, and Peach flavors) prominently features the phrase "PREBIOTICS FOR GUT HEALTH," in all capital letters, while the back encourages consumers to "Trust your gut … your tummy .. will thank you!"  The images below depict the front and back of a representative can:



5.     A reasonable consumer would interpret the phrase "PREBIOTICS FOR GUT HEALTH" and "Trust your gut .. your tummy … will thank you" as representations that a serving of the product is good for the gut microbiome.

6.     In fact, however, Defendant's product is not beneficial for the gut microbiome because it contains just three grams of dietary fiber derived from acacia, when consumption of at least 10 grams of this fiber is necessary to improve gut health, and it contains 4 grams of added sugars, which negatively impact the functioning of the gut biome

7.     Defendant's "PREBIOTICS FOR GUT HEALTH" and "Trust your gut .. your tummy … will thank you" is likely to deceive reasonable consumers like Plaintiff by suggesting that

the Product is beneficial for gut health when it is not.

8.    Consumers, like Plaintiff, who purchased *Sparking Lemonade with Prebiotics* Products have been deceived by Defendant's false and misleading claims that this Product is beneficial for gut health when it is not.

9.    As a result of their reliance on Defendant's misrepresentations, Plaintiff and Class Members have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing *Sparking Lemonade with Prebiotics* or having paid a prime premium for the Product as compared to other sparkling beverages that don't make the same false and deceptive claims.

10.    Plaintiff brings this action against Defendant on behalf of herself and Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

## THE PARTIES

**PLAINTIFF YOLANDA PITRE**

11.    Plaintiff Yolanda Pitre is a citizen and resident of the State of California, County of San Mateo.

12.    Plaintiff Yolanda Pitre purchased Defendant's *Sparking Lemonade with Prebiotics* at her local Target store in the County of San Mateo on two occasions, the first time in or about November 2023 and more recently, in or about February 2024.

13.    Prior to purchasing *Sparking Lemonade with Prebiotics,* Plaintiff observed the deceptive "Prebiotics for gut health" claim on the front label.

14.    Prior to purchasing the Product, Plaintiff saw the product's packaging for *Sparkling Lemonade with Prebiotics* and, in particular, the representation on the front that the product contains "prebiotics for gut health."

15.    Plaintiff purchased the *Sparkling Lemonade with Prebiotics* reasonably believing that Defendant's product contains prebiotics that were beneficial for her gut health.

16. Plaintiff is aware of the health benefits of prebiotics, and reasonably believed she was purchasing a product that was healthy for her gut microbiome because it contained prebiotics.

17. Plaintiff drank the Product as directed but found it to be ineffective to improve her gut health.

18. Had Plaintiff known that Defendant's *Sparkling Lemonade with Prebiotics* did not contain prebiotics beneficial for her gut, she would not have purchased Defendant's products or, at the very least, would have paid less for it.

**DEFENDANT**

19. Defendant KeVita, Inc. is a California corporation with its principal place of business in Oxnard, California.

20. Defendant markets, sells, and distributes various beverage products, including *Sparkling Lemonade with Prebiotics.*

21. Defendant markets, sells, and distributes *Sparkling Lemonade with Prebiotics* in California and throughout the United States, including, but not limited to, through mass retailers such as Target, as well as on-line retailers such as Target.com.

22. Defendant is responsible for the marketing, advertising, labeling, and packaging of the *Sparkling Lemonade with Prebiotics.*

## JURISDICTION & VENUE

23. This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10. Personal jurisdiction over Defendant is proper because Defendant is incorporated in California and has purposefully availed itself of the privilege of conducting business activities in California, including but not limited to, testing, manufacturing, marketing, distributing, and/or selling *Sparkling Lemonade with Prebiotics* to Plaintiff and other prospective Class Members.

24. This class action is brought pursuant to California Code of Civil Procedure § 382. Plaintiff is a California resident. The monetary damages and restitution sought by Plaintiff and

- 4 -

prospective Class Members exceed the minimum jurisdictional limits of the Superior Court and will be established according to proof at trial.

25.    Venue is proper in this Court pursuant to California Code of Civil Procedure §§ 395, 395.5 and California Civil Code § 1780 because Defendant is doing business in San Mateo County and Plaintiff purchased *Sparkling Lemonade with Prebiotics* in San Mateo County.  Plaintiff's Declaration, as required under Cal. Civil Code § 1780(d), which reflects that Defendant is doing business in San Mateo County, California, is filed concurrently as Exhibit 1.

## FACTUAL ALLEGATIONS

26.    Consumers increasingly are becoming aware of the benefits of living a healthy lifestyle and of maintaining a healthy gut microbiome through the consumption of dietary fiber.

27.    Prebiotics are ingredients in certain foods, such as garlic, onions, bananas, asparagus, and whole grain products, which the intestines cannot fully digest and which "act as nutrition for gut bacteria."[5] Non-digestible complex carbohydrates found in fruits, vegetables and other plant material resist the body's absorption process and travel intact to the colon, providing  a "feast" for gut bacteria.[6]  In doing so, they promote high microbiome diversity -- defined as one "equipped to process a diverse array of dietary fiber to produce health-promoting compounds for our body."[7]  A high microbiome diversity has been linked to better health outcomes including a reduced risk of colorectal cancer and improved intestinal absorption of dietary calcium.[8]  Experts generally

---

[5] Lisa Catanese, ELS, *Prebiotics: Understanding Their Role in Gut Health*, Harvard Health Publishing (May 15, 2024), https://www.health.harvard.edu/nutrition/prebiotics-understanding-their-role-in-gut-health (last visited July 15, 2024).

[6] Maya Shetty, *Probiotics, Prebiotics and Postbiotics: What Are They and Why Are They Important?* Stanford Lifestyle Magazine (April 8, 2024), https://longevity.stanford.edu/lifestyle/2024/04/08/probiotics-prebiotics-and-postbiotics-what-are-they-and-why-are-they-important/ (last visited July 25, 2024).

[7] *Id.*

[8] *Id.*

recommend the consumption of fibrous foods over supplements to ensure a "diverse array of fiber types."[9]

28.     Regrettably, Defendant can lay no legitimate claim as to these properties benefiting its consumers as its allegedly prebiotic ingredient is not included in sufficient quantity to offer any health benefit from the consumption of a single can.

29.     The ingredient list for the Product demonstrates that its fiber content derives from the inclusion of acacia, also known as gum arabica, commonly added to soft drinks as an emulsifier and stabilizer because it binds sugar to the drink.[10]

**CONTAINS 19% JUICE**

## Nutrition Facts

Serving size 1 can

Amount Per Serving

## Calories 60

% Daily Value*

| | |
|---|---|
| **Total Fat** 0g | **0%** |
| **Sodium** 25mg | **1%** |
| **Total Carbohydrate** 15g | **5%** |
| Dietary Fiber 3g | **12%** |
| Total Sugars 9g | |
| Includes 4g Added Sugars | **8%** |
| **Protein** 0g | |
| Calcium 40mg | **2%** |

Not a significant source of saturated fat, *trans* fat, cholesterol, vitamin D, iron, and potassium.

*The % Daily Value (DV) tells you how much a nutrient in a serving of food contributes to a daily diet. 2,000 calories a day is used for general nutrition advice.

INGREDIENTS: SPARKLING WATER, APPLE JUICE CONCENTRATE*, MANGO PUREE*, ACACIA*, CANE SUGAR*, LEMON JUICE CONCENTRATE*, NATURAL FLAVORS*, FRUIT AND VEGETABLE JUICE FOR COLOR*, CITRIC ACID, PURIFIED STEVIA LEAF EXTRACT*.
*CERTIFIED ORGANIC INGREDIENT

---

[9] Shetty, *supra*.

[10] Rich McEachran, *Gum Arabica: The Invisible Ingredient in Soft Drink Supply Chains*. The Guardian (August 16, 2013). https://www.theguardian.com/sustainable-business/gum-arabic-soft-drink-supply-chain (last visited July 15, 2024).

30.     Although a study has suggested that the consumption of gum arabica powder dissolved in water can provide prebiotic benefits at a dose of 10 grams per day taken over four weeks,[11] a single serving of the Product contains only 3 grams of dietary fiber. This means that, even accepting the findings of that study, a consumer would have to drink more than three cans a day for a month to derive any meaningful benefit to the gut microbiome.

31.     Consuming three cans of the Product would result in the consumption of 12 grams of added sugar per day, roughly a quarter of the recommended daily maximum of added sugar under current US dietary guidelines,[12] and half the 25 grams of added sugar recommended as a daily maximum for women by the American Heart Association.[13]

32.     Sugar sweetened beverages account for 24% of the added sugar intake for Americans aged 1 and older.[14] The U.S. Department of Agriculture cautions that "[w]hen added sugars in foods and beverages exceed 10 percent of calories, a healthy dietary pattern within calories limits is very difficult to achieve." A diet that is high in processed food and added sugar can eliminate healthful bacteria in the gut and worsen early metabolic disease.[15]  This is because "sugar eliminates the

---

[11] Wim Calame et al., *Gum Arabica Establishes Prebiotic Functionality in Healthy Human Volunteers in a Dose-Dependent Manner*. 2008 British Journal of Nutrition 100: 1269-1275 (December 1, 2008), available at https://www.cambridge.org/core/journals/british-journal-of-nutrition/article/gum-arabic-establishes-prebiotic-functionality-in-healthy-human-volunteers-in-a-dosedependent-manner/328AAF4058E37D1C198B540DEC9DA148.

[12] U.S. Department of Agriculture and U.S. Department of Health and Human Services. *Dietary Guidelines for Americans, 2020-2025*. 9th Edition. December 2020. Available at https://www.dietaryguidelines.gov/sites/default/files/2020-12/Dietary_Guidelines_for_Americans_2020-2025.pdf#page=31 (last visited July 25, 2024).

[13] American Heart Association. *Added Sugars*, (May 22, 2024), https://www.heart.org/en/healthy-living/healthy-eating/eat-smart/sugar/added-sugars (last visited July 25, 2024).

[14] U.S. Department of Agriculture and U.S. Department of Health and Human Services. *Dietary Guidelines for Americans, 2020-2025*. 9th Edition. December 2020. Available at https://www.dietaryguidelines.gov/sites/default/files/2020-12/Dietary_Guidelines_for_Americans_2020-2025.pdf#page=31

[15] Yoshinaga Kawano, *et al.*, *Microbiota Imbalance Induced By Dietary Sugar Disrupts Immune-mediated Protection From Metabolic Syndrome*, 185 Cell 19: 3501-19 (September 15, 2022). available at https://doi.org/10.1016/j.cell.2022.08.005; *See also* Han Fang *et al.*, *Dietary Sugar Lowers Immunity and Microbiota That Protect Against Metabolic Disease*, 34 Cell Metabolism, 10:1422-1424

filamentous bacteria [in the gut], and the protective Th17 cells disappear as a consequence."[16]

33.    Thus, any hypothetically beneficial effects to the gut microbiome derived from consuming enough cans of Product to reach the 10-gram dosage at which acacia shows potential as an effective prebiotic supplement would be reduced or eliminated by the detrimental effects to the gut microbiome and other adverse health effects of 12 grams of added sugars. Notably, in the 2008 study discussed in paragraph 30, *supra*, the gum arabica power was dissolved in water with no added sugars or sweeteners.

34.    Moreover, experts caution that "it is not clear that prebiotic fibers added to processed foods and drinks have the same health benefits that come from eating a variety of whole foods that are naturally high in fiber."[17]  Purified fibers added to foods are "simpler structures" that are "fermented faster" in the gut, and thus might not even reach the microbes of the large intestine.[18]  In addition, because the fiber all comes from one source – acacia – consumers are "only getting the type of prebiotic added in, while [they] would likely benefit more from the variety of prebiotics in fiber-rich foods."[19] As one expert cautioned, "it's very difficult to imagine how putting one purified prebiotic into this [intestinal] community could foster the kind of biodiversity you need in your gut microbiome."[20]  To the contrary, "[t]he consumption of a singular fiber restricts the nutritional support available for our microbiome, and can limit the overall diversity that is crucial for a healthy

---

(October 4, 2022), available at https://doi.org/10.1016/j.cmet.2022.09.006.

[16] Columbia University Irving Medical Center, *Sugar Disrupts Microbiome, Eliminates Protection Against Obesity and Diabetes* (August 29, 2022), https://www.cuimc.columbia.edu/news/sugar-disrupts-microbiome-eliminates-protection-against-obesity-and-diabetes (last viewed on July 15, 2024).

[17] Godoy, *supra*.

[18] *Id.*

[19] Warren, *supra*.

[20] Blum, *supra*.

microbiome."[21]

35.    Consumers are increasingly aware of the dangers of ultra-processed foods and are willing to pay a higher price for products that are considered healthier and more natural. Businesses, including Defendant, prominently promote "gut health" to capitalize on consumers' belief in the health and nutritional benefits of prebiotics, when in fact each serving of the Product does not contain enough dietary fiber to have benefits for gut health, but rather contains added sugars, which can negatively impact gut health.

36.    Class Members are exposed to the front labels and front outer packaging of *Sparkling Lemonade with Prebiotics* where its "Prebiotics for gut health" statement is prominently displayed, as well as the back label where "trust your gut ... your tummy ... will thank you," is displayed.

37.    Class Members scan the front labels and outer packaging of competing cans of beverages for information about the products, and are not expected to look beyond representations on the labels to discover the truth about the label representations. Specifically, the "prebiotics for gut health" and "your tummy ... will thank you" statements are likely to deceive Class Members because it implies that consumption of a can of the Product is healthier than other beverages because it contains prebiotics that will improve gut health. In fact, a single can of *Sparkling Lemonade with Prebiotics* does not contain a sufficient quantity or quality of prebiotics to have any meaningful impact on gut health.

38.    As a result, consumers like Plaintiffs are deceptively induced to purchase what is essentially sweetened sparkling water at a premium price.[22]

---

[21] Shetty, *supra.*

[22] A single 12 fluid ounce can of KeVita Sparkling Lemonade with Prebiotics retails for $2.49 ($0.21/fluid ounce) at Target.com. In contrast, a search of Target.com on July 15, 2024, showed that unsweetened Spindrift Lemon sparkling water retails for $0.08/fluid ounce and San Pellegrino Zero Sparkling Lemonade retails for $0.13/fluid ounce.

39.     Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the public, as they have already deceived and misled Plaintiff and the Class Members.

40.     As a result of their reliance on Defendant's gut health claims, consumers have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing *Sparkling Lemonade with Prebiotics.* Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, Defendant realized sizable profits.

## CLASS DEFINITION AND ALLEGATIONS

41.     Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated as members of the proposed Class pursuant to California Code of Civil Procedure § 382.

42.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

43.     The class Plaintiff seeks to represent ("The Class Members") is defined as:

All consumers who, within the applicable statute of limitations period, purchased *Sparkling Lemonade with Prebiotics* in the State of California (whether online or in-person) manufactured, marketed, distributed, and/or sold by Defendant which Defendant warranted as containing "prebiotics for gut health" (the "Class Product").

44.     Excluded from the class are (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns and successors; (2) the judge to whom this case is assigned and the Judge's staff; (3) and the Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiff reserves the right to amend the Class definitions if further discovery and further investigation reveal that the Class should be expanded or otherwise modified.

45.     There is a well-defined community of interest in the litigation and the Class is readily

1  ascertainable.

2    46.    **Numerosity**.  This action is appropriately suited for a class action.  The members of

3  the Class are so numerous that joinder of all members of the Class is impracticable.  Plaintiff is

4  informed, believes, and thereon alleges, that the proposed Class contains thousands of purchasers of

5  the Class Product who have been damaged by Defendant's conduct as alleged herein.  The precise

6  number of Class members is unknown to Plaintiff.

7    47.    **Existence and Predominance of Common Questions of Law and Fact**.  This

8  action involves questions of law and fact common to the Class.  The common legal and factual

9  questions include, but are not limited to, the following:

10

11      a.  Whether Defendant's conduct, as alleged herein, constitutes a violation of Cal.
            Bus. & Prof. Code § 17200, *et. seq.*;
12

13      *b.*  Whether Defendant violated California Consumer Legal Remedies Act (Cal. Civil
            Code §§ 1750 *et seq.;*
14

15      *c.*  Whether Defendant violated California Business and Professions Code §§ 1750 *et
            seq.*
16

17      d.  Whether Defendant's labeling, advertising, marketing, and/or selling of the Class
            Products was and/or is false, fraudulent, deceptive, and/or misleading;
18

19      e.  Whether the food products at issue were misbranded as a matter of law;

20      f.  Whether representations regarding whether the Class Product contains "prebiotics
            for gut health" and "your tummy .. will thank you"  are material to a reasonable
21          consumer;

22      g.  Whether Class members are entitled to payment of actual, incidental,
            consequential, exemplary and/or statutory damages, plus interest thereon and, if
23          so, the nature and scope of such relief.

24    48.    **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class

25  because, *inter alia*, all Class members have been injured through the uniform misconduct described

26  above and were subject to Defendant's misrepresentations.  Moreover, Plaintiff's claims are typical

27  of the Class members' claims.  Plaintiff is advancing the same claims and legal theories on behalf of

28

- 11 -

herself and all members of the Class.

49. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff purchased a Class Product, and she was harmed by Defendant's deceptive misrepresentations. Plaintiff has therefore suffered an injury in fact as a result of Defendant's conduct, as did all Class members who purchased Class Product. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

50. **Superiority**. A class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs done to him or her. Further, even if the Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

51. Plaintiff seeks monetary damages, including statutory damages on behalf of the entire Class. Unless a Class is certified, Defendant will be allowed to profit from their deceptive practices, while Plaintiff and the members of the Class will have suffered damages.

# COUNT I

## Violation of the Consumer Legal Remedies Act ("CLRA")
## Cal. Civ. Code § 1750, *et. seq.*

52.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 51 as though fully set forth herein.

53.     At all relevant times, Plaintiff was a "consumer" as defined by Cal. Civ. Code § 1761(d).

54.     At all relevant times, the Products were "goods" as defined by Cal. Civ. Code § 1761(a).

55.     At all relevant times, Defendant was a "person" as defined by Cal. Civ. Code § 1761(c).

56.     Cal. Civ. Code § 1770(a) prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]"

57.     Defendant violated and continues to violate the CLRA by engaging in the following deceptive practices proscribed by Cal. Civ. Code § 1770(a) in connection with the transactions intended to result in, and that did result in, the sale of the Class Product at issue herein to Plaintiff and members of the Class in violation of, *inter alia*, the following provisions:

a.      Representing the goods and services have characteristics, uses, or benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

b.      Representing the goods and services are of a particular standard, quality, or grade if they are of another (Cal. Civ. Code § 1770(a)(7)); and

c.      Advertising goods and services with the intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)).

58.     Plaintiff and members of the class are reasonable consumers who expected the

\

Products to have the characteristics as represented and/or would have considered the omitted facts detailed herein material to their purchase decision.

59.     The representations regarding the Products were material to Plaintiff and members of the Class. Defendant intended that Plaintiff and Class members would rely on these representations and they did, in fact, rely on the representations.

60.     As a result of Defendant's conduct and unfair or deceptive acts or practices, Plaintiff Ms. Pitre and the class suffered actual damages in that the Products are not as advertised and are not worth the amount paid, and Defendant has deprived Plaintiff and the class of the benefit of their bargain.

61.     Pursuant to Cal. Civ. Code § 1782, Plaintiff notified Defendant in writing by certified mail served in conjunction with this Complaint of its violations of § 1770 described above and demanded that it correct the problems associated with the actions detailed above and give notice to all affected consumer of Defendant's intent to do so. If Defendant does not agree to rectify the problems identified and give notice to all affected consumers within 30 days of the date of written notice, Plaintiff will amend this Complaint to seek actual, punitive and statutory damages, as appropriate.

## COUNT II

### Violation of the False Advertising Law ("FAL")
### Cal. Bus. & Prof. Code § 17500, *et seq.*

62.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 61 as though fully set forth herein.

63.     Defendant made untrue, false, deceptive, and/or misleading statements in connection with the advertising and marketing of the Class Product.

64.     Defendant made representations and statements that led reasonable consumers to believe that the Class Product they were purchasing contained "prebiotics for gut health," and that

- 14 -

their "tumm[ies] … will thank" them, when in fact it does not contain prebiotics in sufficient quantity or quality to have any meaningful prebiotic effect on the consumer's guts.  In addition, Defendant omitted that consuming the Product in sufficient quantity to have a prebiotic effect would pose a significant risk to the health and well-being of Plaintiff and other Class Members.

65.    Defendant knew or should have known, through the exercise of reasonable care, that its representations were false and misleading and likely to deceive consumers and cause them to purchase Defendant's products.

66.    Plaintiff and the Class members relied to their detriment upon Defendant's false, misleading, and deceptive advertising and marketing practices. Had Plaintiff and the members of the Class been adequately informed and not intentionally deceived by Defendant, they would have refrained from purchasing the Class Products or paid less for them.

67.    Defendant's acts and omissions are likely to deceive the general public.

68.    Defendant engaged in these false, misleading, and deceptive advertising practices to increase its profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by Section 17500, *et seq.* of the California Business and Professions Code.

69.    As a direct and proximate result of such actions, Plaintiff and the Class are entitled to full restitution of all monies acquired by Defendant as a result of its false, misleading, and deceptive advertising practices.

## COUNT III

### Violation of the Unfair Competition Law ("UCL")
### Cal. Bus. & Prof. Code § 17200, *et seq.*

70.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 69 as though fully set forth herein.

71.    California's Unfair Competition Law ("UCL") defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue

1  or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

2      72.     Plaintiff and other Class Members are reasonable consumers who expect

3  manufacturers, like Defendant, to provide accurate and truthful representations regarding the health

4  benefits of their products.  Reasonable consumers, like Plaintiff, rely on those representations in

5  determining whether to purchase a particular product and consider hat information important to their

6  purchase decision.

7      73.     Defendant violated the UCL by misrepresenting that the Class Product contains

8  "prebiotics for gut health," and that their "tumm[ies] … will thank" them, when in fact it does not

9
10  contain prebiotics in sufficient quantity or quality to have a meaningful impact on gut health.

11      74.     By engaging in the above-described acts and practices, Defendant has committed an

12  unfair business practice within the meaning of the UCL. Consumers suffered substantial injury they

13  could not reasonably have avoided other than by not purchasing the Products.

14      75.     A business act or practice is "unlawful" under the UCL if it violates any other law or

15
16  regulation. The acts and practices of Defendant are unlawful business acts and practices by virtue of

17  its violations of Cal. Civ. Code § 1750 *et seq.* and Cal. Bus. & Prof. Code §§ 17500, *et seq.*

18      76.     Plaintiff and the other Class Members had no way of reasonably knowing that the

19  Product's prebiotic representations were false. Thus, they could not reasonably have avoided the

20  injury each of them suffered.

21      77.     As a result of the conduct described above, Defendant has been unjustly enriched at

22  the expense of Plaintiff and the members of the Class. Specifically, Defendant has been unjustly

23
24  enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false,

25  misleading, and deceptive conduct. Additionally, Plaintiff and the Class seek restitution if monetary

26  damages are not available.

27

28

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that the Court enter judgment against Defendant as follows:

A.    An order certifying this action as a class action as soon as practicable, with the Class as defined above, designating Plaintiff as the named Class representative, and designating the undersigned as Class Counsel.

B.    An award to Plaintiff and Class Members for compensatory exemplary, and statutory damages, including interest;

C.    A declaration requiring Defendant to comply with various provisions of California's False Advertising Law and CLRA alleged herein and to make all the required representations;

D.    A declaration that the Defendant must disgorge, for the benefit of Class Members, all or part of the ill-gotten profits it received from the sale of *Sparkling Lemonade with Prebiotics.*

E.    An award of attorney's fees and costs, as allowed by law;

F.    An award of pre-judgment and post-judgment interest, as provided by law;

G.    Leave to amend the complaint to conform to the evidence produced at trial; and

H.    Such other and further relief as this Court deems just and proper.

1

2 **<u>DEMAND FOR JURY TRIAL</u>**

3 Plaintiff hereby demands a trial by jury on all causes of action or issues so triable.

4

5

6 Respectfully submitted,

7 DATED:  July 30, 2024 **KUZYK LAW, LLP**

8

9 By: _____

10 Michael D. Braun

11 Michael D. Braun (SBN 167416)
*mdb@kuzykclassactions.com*
1999 Avenue of the Stars, Ste. 1100

12 Los Angeles, California 90067
Telephone:   (213) 401-4100

13 Facsimile:    (213) 401-0311

14 **DENLEA & CARTON LLP**
James R. Denlea *(pro hac vice pending)*

15 *jdenlea@denleacarton.com*
Jeffrey I. Carton *(pro hac vice pending)*

16 *jcarton@denleacarton.com*
Catherine H. Friesen *(pro hac vice pending)*

17 *cfriesen@denleacarton.com*
2 Westchester Park Drive, Suite 410

18 White Plains, New York 10604
Tel.: (914) 331-0100

19 Fax: (914) 331-0105

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# EXHIBIT A

1    I, Yolanda Pitre, declare as follows:

2      1.   I am the Plaintiff in this matter and an individual over eighteen years of age.

3 I make this declaration as required by California Civil Code § 1780(d).

4      2.   The Complaint in this action is filed in a proper place because a substantial

5 portion of the events alleged in the Complaint occurred in this County. I reside in San

6 Mateo County. I purchased the product at issue in this litigation known as KeVita

7 Sparkling Lemonade with Prebiotics from a Target Store located in San Mateo,

8 California.

9      3.   As such, it is my understanding that the Defendant does business in this

10 County.

11    I declare under penalty of perjury under the laws of the United States of America

12 that the foregoing is true and correct.

13      Executed on this 29th day of July, San Mateo, California.



16        Yolanda Pitre

---

Case No.                     1                    CLRA VENUE DECLARATION

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Michael D. Braun (SBN 167416) Kuzyk Law, LLP<br>2121 Avenue of the Stars, Ste. 800, Los Angeles, CA 90067<br><br>TELEPHONE NO.: 213-401-4100        FAX NO. : 213-401-0311<br>EMAIL ADDRESS: mdb@kuzykclassactions.com<br>ATTORNEY FOR *(Name)*: Yolanda Pitre | *FOR COURT USE ONLY*<br><br>**Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON ___8/1/2024___<br>By____ */s/ Una Finau*____<br>**Deputy Clerk** |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME: Southern

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>24-CIV-04791 |
|---|---|---|
| [x] **Unlimited** [ ] **Limited**<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $35,000) $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [x] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*:
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 30, 2024

Michael D. Braun
_____
(TYPE OR PRINT NAME)

► *Michael Braun*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|